IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**LILLIE MAE WILLIAMS,**

    **Plaintiff,**

**v.**                                                         Civil Action No. 2:23-cv-00359

**UNITED STATES TREASURY DEPARTMENT,**

    **Defendant.**

## O R D E R

On April 27, 2023, the Plaintiff, acting *pro se*, filed her hand-written Complaint along with a hand-written cover letter. (ECF Nos. 1, 1-1) The Plaintiff names the United States Treasury Department as the sole defendant in this case (Id.) The Plaintiff appears to allege that certain savings bonds she once held were stolen from a safety deposit box several years ago and she wants the matter "to be entered into legal criminal court." (Id.) The Plaintiff indicates she was discriminated against based on race and/or sex and had filed a complaint with the State of West Virginia Human Rights Commission. (Id.) She also indicates that "many of my close family members" have died under suspicious circumstances in the State of New Jersey. (Id.) The Plaintiff indicates that her Social Security Number has been used, along with her name in foreign countries, and that her body has been "on some type of illegal equipment" that makes walking difficult. (Id.)

Since the Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Although pleadings filed by a *pro se* plaintiff are entitled to liberal construction, this "does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court." <u>Drummond v. South Carolina Department of Corrections</u>, 2012 WL 5077575, *3 (D.S.C. Oct. 1, 2012)(citing <u>Weller v. Department of Social Services</u>, 901 F.2d 387, 390-91 (4th Cir. 1990)); <u>also see</u> <u>Miller v. Jack</u>, 2007 WL 2050409, at *3 (N.D.W .Va. 2007)( "Liberal construction does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."). Federal Rule of Civil Procedure 8(a)(2) provides that "[a] pleading that states a claim for relief must contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Thus, the Plaintiff should describe in short, clear numbered paragraphs the actions or inactions of the defendant(s) that she believes violated her rights or breached the settlement contract. Additionally, the Plaintiff must also state which of her legal rights he believes the defendant(s) violated.

Viewing the Plaintiff's Complaint liberally, the undersigned finds that the Plaintiff fails to state sufficient facts supporting a claim of relief. The Plaintiff's conclusory claims are insufficient. Accordingly, if the Plaintiff wishes to proceed with this action, she should amend her Complaint to provide a short and plain statement of her claim and state which of his legal rights she believes the Defendant violated. The Plaintiff should also support each claim with specific factual allegations about the Defendant's actions or omissions, and allege, with some degree of particularity, how the Defendant was involved in the alleged deprivation of her legal rights. The Plaintiff is hereby **NOTIFIED** that it will be insufficient for her to simply refer to her prior Complaint (ECF No. 1), or additional documentation, or to incorporate the same by reference in the Amended Complaint. The Amended Complaint will **supersede** the original Complaint (ECF No. 1), and there must be **one integrated document** that will provide the Defendant with notice

of the claims and allegations against it.

Accordingly, it is hereby **ORDERED** that the Plaintiff shall amend her Complaint to specifically set forth her claims and state specific facts as to how the Defendant violated her legal rights by **May 22, 2023**. Failure of the Plaintiff to amend her Complaint by May 22, 2023, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[1] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia[2].

The Clerk is directed to mail to the Plaintiff, who is acting *pro se*, a copy of this Order and a form Complaint.

**ENTER**: May 2, 2023.



Omar J. Aboulhosn
United States Magistrate Judge

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

[2] Rule 41.1 of the Local Rules provides:
> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.