IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**LILLIE MAE WILLIAMS,**

    **Plaintiff,**

CIVIL ACTION NO. 2:23-CV-00359

vs.

**UNITED STATES TREASURY DEPARTMENT,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

On April 27, 2023, the Plaintiff, acting *pro se*, filed her hand-written Complaint along with a hand-written cover letter. (ECF Nos. 1, 1-1)[1] Because the undersigned found the Plaintiff failed to state sufficient facts supporting a claim for relief, the undersigned issued an Order directing the Plaintiff to amend her complaint no later than May 22, 2023. (ECF No. 3) The undersigned also warned the Plaintiff that failure to amend her complaint will result in a recommendation of dismissal of this matter without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (Id.)[2] To date, the Plaintiff has not responded to this Court's Order or amended her Complaint as directed. Accordingly, the undersigned has determined that the Plaintiff has failed to take any steps to prosecute this action, and therefore, this matter should be dismissed.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the

---

[1] It is also noted that the Plaintiff failed to file an Application to Proceed *in Forma Pauperis* or to pay the filing and administrative fee.

[2] The undersigned also directed the Clerk to mail a copy of a form Complaint, and there is no indication that the Plaintiff did not receive either this Court's Order or the form Complaint.

inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*.[1] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
>
> (ii) the amount of prejudice caused the defendant,
>
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
>
> (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first factor, the Court finds that the delays in this case are attributable solely to the Plaintiff as she has not responded to the Court's Order directing her to amend her Complaint. With respect to the second and third factors, the record is void of further evidence indicating that the Plaintiff has a history of

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

"deliberately proceeding in a dilatory fashion" beyond the fact that Plaintiff has filed nothing in this action since she filed her initial Complaint, including any response to this Court's Order. Ostensibly, the named Defendant could be prejudiced due to the Plaintiff's inaction despite having initially brought the Complaint; indeed, this Court is being deprived of its ability and duty to ensure these proceedings move forward to a conclusion on the merits.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against the Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against the Plaintiff would be unjust in view of the Plaintiff's failure to pay the filing and administrative fee or submit a completed application to proceed without prepayment of fees. Moreover, explicit warnings of dismissal would be ineffective in view of the Plaintiff's failure to respond to the undersigned's Order advising the Plaintiff that the undersigned would recommend dismissal if she failed to amend her complaint. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice unless the Plaintiff is able to show good cause for her failure to prosecute.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Judge confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Judge **DISMISS** this action from the Court's docket without prejudice.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is directed to mail a copy of this Order to Plaintiff, who is acting *pro se*.

ENTER: May 30, 2023.



Omar J. Aboulhosn
United States Magistrate Judge